UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES KENNETH WALLACE, SR.;
RONALD HILLIS,

                       Plaintiffs,

-against-

ALL PERSONAL LIABILITY CARRIERS-
UNDERWRITERS OF LAND; RICHARD
SACKLER; MORTIMER; D.A. SACKLER;
KATHE SACKLER; THERESA SACKLER;
ILENE SACKLER-LEFCOURT; MARIANA
SACKLER, aka, The Sacker Family aka The
Sackler Familia,

                       Defendants.

22-CV-8022 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Charles Kenneth Wallace, Sr. ("Wallace"), who is currently incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana, and Plaintiff Ronald Hillis ("Hillis"), who also is incarcerated at the DWCC, bring this action *pro se*. Plaintiffs request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the following reasons, the Court dismisses this action without prejudice.

## DISCUSSION

       The "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three-strikes provision applies here, as Wallace is barred from filing any new action IFP while he is a prisoner. *See Wallace v. State of Louisiana*, No. 20-2869, 2020 WL 6196027, *1 (E.D. La. Oct. 20, 2022) (listing four dismissals that qualify as strikes and citing *Wallace v. State of Louisiana*, 689 F. App'x 286, 287 (5th Cir. 2017), the first court to recognize that Plaintiff is barred from proceeding IFP.). To proceed IFP, Wallace must allege facts showing that he is in imminent danger of serious physical injury.[1] The complaint, however, asserts claims against the "Sackler Family" and generally complains about the opioid crisis. Because Wallace does not state any facts suggesting that he is in imminent danger of serious physical injury, he is barred from filing this action IFP. Should Plaintiff Hillis intend to proceed with this action, he may file a new civil action and request that the Court waive prepayment of the filing fee.

## CONCLUSION

The Court denies Wallace's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff Wallace remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[2] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   December 9, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge