UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES KENNETH WALLACE, SR.;
RONALD HILLIS,

                          Plaintiffs,

-against-

ALL PERSONAL LIABILITY CARRIERS-
UNDERWRITERS OF LAND; RICHARD
SACKLER; MORTIMER; D.A. SACKLER;
KATHE SACKLER; THERESA SACKLER;
ILENE SACKLER-LEFCOURT; MARIANA
SACKLER, aka, The Sackler Family aka The
Sackler Familia,

                          Defendants.

22-CV-8022 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Charles Kenneth Wallace, Sr. ("Wallace"), who currently is incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana, and Plaintiff Ronald Hillis ("Hillis"), who also is incarcerated at the DWCC, initiated this action *pro se*. They assert claims arising from the "opioid crisis" against the "Sackler Family," claiming that the "complaint occurred against the backdrop in the genocide of a universal opioid crisis, resulting in over half a million deaths."[1] (ECF 3, at 2.) Plaintiffs seek to recover Defendants' property, concerning which Plaintiffs allege that Defendants "have consistently steathly hidden away real and liquid assets since the . . . Plaintiffs filings therein." (*Id.* at 3.)

      Plaintiffs requested to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). By order dated December 23, 2022, the Court denied Wallace's request to proceed IFP

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original.

and dismissed the complaint without prejudice under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The Court based its finding on a decision by the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), *see Wallace v. Louisiana*, 689 F. App'x 286 (5th Cir. 2017), which held that Wallace was barred under Section 1915(g) because he had accrued at least three strikes. Following its own independent review of those strikes, as required under *Esclaera v. Samaritan Vill.*, 938 F.3d 380, 381 (2d Cir. 2019) (per curiam), the Court agreed with the Fifth Circuit's determination and found that Section 1915(g) applied to this new action. The Court noted that, should Plaintiff Hillis intend to proceed with this action, he could file a new civil action and request that the Court waive prepayment of the filing fees.[2] The Clerk of Court entered judgment on December 27, 2022.

The following day, on December 28, 2022, Wallace filed a notice of appeal, challenging the order of dismissal. By mandate issued July 18, 2023, the United States Court of Appeals for the Second Circuit ("Court of Appeals") vacated the judgment and remanded the action for further proceedings regarding Wallace's "status as a three-strikes litigant." (ECF 12, at 1.) The Court of Appeals also directed the Court "to consider whether the Fifth Circuit's finding that Wallace had three strikes precludes relitigation of Wallace's three-strikes status under collateral estoppel." (*Id.* at 2.)

The Court has reviewed the strikes identified by the Court of Appeals in its mandate. Based on current Second Circuit case law and the instructions set forth in the mandate, the Court has determined that Wallace is not barred under Section 1915(g). As discussed below, the Court finds that (1) the four strikes the Court of Appeals identified should not be treated as strikes, (2) the Fifth Circuit's finding that Wallace accumulated at least three strikes does not preclude

---

[2] Court records indicate that Hillis did not file a new civil action.

relitigation of that decision, (3) Wallace has accrued only one strike, arising from a prior dismissal, and therefore (4) Wallace is not barred under Section 1915(g) from proceeding IFP. The Court therefore directs Wallace – and Hillis should he want to pursue this action – to submit the attached prisoner authorizations, which they did not include with their IFP applications.[3] (*See* ECF 1-2.)

## DISCUSSION

Section 1915(g) provides,

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court of Appeals noted in its mandate in this action, the Court "may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Wallace v. All Personnel Liability Carriers-Underwriters*, No. 23-0047, at 1-2 (2d Cir. July 18, 2023) (quoting *Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010)). Courts, however, should conduct their own "independent review" without relying on the docket sheets, and instead by reviewing the actual orders from prior actions to determine whether the prior dismissals were strikes, as the Court of Appeals did in *Esclaera*, 938 F.3d at 381, if there is

---

[3] Wallace and Hillis did attach authorization forms to their IFP applications, but those forms did not include language authorizing their facility to deduct $350, in installments, to the Clerk of Court for the Southern District of New York. Generally, individuals who are incarcerated are required to pay the full $350 filing fee even when proceeding IFP. *See* 28 U.S.C. § 1915(b)(1). Courts collect, when funds exist in a prisoner account, an initial partial filing fee and then monthly payments. The agency having custody of the incarcerated individual forwards payments from the prisoner account to the Clerk of Court each time the amount in the account exceeds $10, until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

any ambiguity. The Court may not treat an action as a strike if it was dismissed for both Section 1915(g) and non-1915(g) grounds, commonly referred to as "mixed dismissals." *See id.* at 381-82.

With these standards in mind, the Court considers the four actions and appeals the Court of Appeals identified to determine whether they may be counted as strikes under Section 1915(g). Of these four actions and appeals, the Court, conducting its own independent review under *Escalera* in the December 23, 2022 order, treated three as strikes. Upon further review, the Court now finds that those three strikes should not be treated as such because (1) the relevant docket sheet does not indicate with sufficient clarity that a dismissal was based on frivolousness, (2) one Fifth Circuit dismissal does not expressly provide the reason for its dismissal of an appeal, and (3) one summary affirmance of a district court dismissal on strike grounds should not be treated as a strike.

**A.      The Four Cases Identified in the Court of Appeals' Mandate**

    **1.      *Wallace v. Katz*, No. 94-CV-0938 (E.D. La. Apr. 28, 1994)**

This Court considered the dismissal of *Wallace v. Katz* as a strike when it conducted its independent review under *Escalera*. Because the Court of Appeals instructed the Court to reconsider this finding, the Court has reviewed the docket sheet and concluded on second review that the record lacked sufficient clarity to treat the dismissal as a strike.

According to the Eastern District of Louisiana's docket sheet, the Magistrate Judge assigned to *Wallace v. Katz*, which was brought against two Assistant District Attorneys, recommended in a report and recommendation that the action be dismissed without prejudice as frivolous.[4] This Court concluded in its December 23, 2022 order that the district court dismissed

---

[4] In *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), the U.S. Supreme Court held that whether claims are dismissed with or without prejudice is immaterial to the strikes

this action as frivolous based on (1) the Magistrate Judge's recommendation and (2) the underlying complaint, which was brought against prosecutors, a type of claim that generally results in a dismissal as frivolous. *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

Upon the further review requested by the Court of Appeals, this Court has determined that, although the docket sheet shows that the district court subsequently dismissed the action without prejudice in favor of the defendants, it does not show with sufficient clarity that the district court dismissed the action without prejudice *as frivolous*. *Wallace,* No. 94-CV-0938 (Doc. No. 8). Moreover, this Court cannot view the order dismissing Plaintiff's complaint to confirm that the district court adopted the report and recommendation in its entirety. Without confirmation of the basis of the district court's dismissal, the Court cannot find with certainty whether the action was dismissed as frivolous. Accordingly, this dismissal cannot be treated as a strike.

### 2. *Wallace v. Edwards*, 30 F.3d 1493, 1994 WL 399144, at *1 (5th Cir. July 21, 1994)

The Court of Appeals instructed the district court to consider whether the dismissal of this appeal by the Fifth Circuit should count as a strike because the Fifth Circuit addressed several reasons why the appeal had no merit before characterizing the appeal as "ridiculous." *Id.* The Court treated this dismissal as a strike in its December 23, 2022 order.

The Fifth Circuit described the district court as dismissing Wallace's case "as frivolous." *Id.* The Circuit then provided three reasons why Wallace's case was dismissed. First, it noted that

---

inquiry because the Section 1915(g) determination "hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Id.*

"sovereign immunity protects states and state officials from damages . . . [and] Louisiana had not waived its immunity against suits in federal courts." *Id.* (citations omitted). Because dismissals based on suing defendants who are immune is not generally a Section 1915(g) ground, this basis for dismissal involves a non-strike reason.

Second, the Circuit noted that "a private utility company is not a state actor for purposes of [42 U.S.C.] § 1983 even if it is heavily regulated by the state." *Id.* (citation omitted). This reason appears to be a dismissal based on failure to state a claim, a Section 1915(g) ground. Third, the Circuit agreed with the district court that Wallace did not "show that prison officials were deliberately indifferent to [his] conditions." *Id.* This reason also appears to be for failure to state a claim. Finally, the Circuit summarized its decision by stating, "Wallace . . . [has] pursued a ridiculous lawsuit. We warn [him] that future frivolous appeals could result in sanctions against [him]." *Id.* The Fifth Circuit then dismissed the appeal without providing a specific reason for the dismissal. Put simply, it is unclear whether the Circuit dismissed the appeal only because it was frivolous, or also for the strike and non-strike reasons identified by the lower court.

In its December 23, 2022 order, the Court concluded that the Fifth Circuit had dismissed the *Wallace v. Edwards* appeal as frivolous, based on the Circuit's description of the appeal as "ridiculous" and its warning him against filing "future frivolous appeals." *Id.* The Court did not treat the Fifth Circuit's recitation of the district court's reasons for dismissal (which included a non-strike reason) as the basis for the Fifth Circuit's decision to dismiss the appeal. Rather, the Fifth Circuit's decision, characterizing the appeal as "ridiculous," suggested that the appeal was dismissed as frivolous.

Upon further review, this Court notes that the Fifth Circuit Court of Appeals did not expressly state that it *dismissed* the appeal because it was frivolous. Without explicit clarification

6

of the basis of the dismissal, this Court cannot find that this dismissal by the Fifth Circuit should be treated as a strike.[5]

### 3. *Wallace v. Edwards*, No. 93-CV-0720 (M.D. La. Sept. 8, 1993)

The Court finds no basis on which to disturb its previous finding that this dismissal should not count as a strike. The Middle District of Louisiana dismissed Wallace's complaint as frivolous and for lack of subject matter jurisdiction, a non-Section 1915(g) ground. Thus, this dismissal does not qualify as a strike because it is a mixed dismissal. *See Escalera*, 938 F.3d at 381-82. The Court, during its original independent review, did not treat this dismissal as a strike.

### 4. *Wallace v. Louisiana*, 689 F. App'x 286 (5th Cir. 2017) (summary affirmance)

The Court of Appeals instructed the Court to consider whether summary affirmances by courts of appeals count as strikes, an issue not yet decided by the Court of Appeals. *See Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) ("In light of this holding, we have no need to consider the question of whether our summary affirmance of a district court's dismissal of a complaint for failure to state a claim counts as a separate "strike" under § 1915."). The Court, in the December 23, 2022 order, treated this summary affirmance as a strike.

Other courts of appeals have held that summary affirmances of dismissals do not count as strikes, based on the plain meaning of Section 1915(g). The District of Columbia Circuit held that summary affirmances of decisions dismissed on Section 1915(g) grounds do not qualify as

---

[5] The Court of Appeals for the Second Circuit recently held that, where a district court dismissed on several grounds, and one of those grounds constitutes a strike, the action may be treated as a strike "where one of the grounds for dismissal would independently justify a strike and was 'a fully sufficient condition' for dismissal of all claims." *Griffin v. Carnes*, No. 22-1134, 2023 WL 4279207, *2 (2d Cir. June 30, 2023) (per curiam) citing *O'Neal v. Price*, 531 F.3d 1146, 1155–56 (9th Cir. 2008)). Had the Fifth Circuit dismissed the appeal as frivolous, and also based on the non-strike ground identified by the district court, the dismissal could still be treated as a strike.

7

strikes, reasoning in part that, "section 1915(e)(2) requires appellate courts to dismiss all frivolous appeals . . . [and] given section 1915(e)(2)'s mandatory language, a decision to affirm rather than to dismiss implies a judgment that the appeal was not frivolous." *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). The Eighth and Ninth Circuits agree. *See, e.g.*, *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (noting that the court's summary affirmance of a district court dismissal, based on Section 1915(g) grounds, did not count as a strike); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016) ("We hold that where an appellate decision simply affirms the district court, and does not dismiss the appeal on a statutorily enumerated ground, the appellate decision does not count as a separate strike.").

The Fifth Circuit also appears to agree, *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("[W]e find that the district court's dismissal of Adepegba's section 1983 claim counts [as a strike], but our affirmance, standing alone, does not."), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015), although the Fifth Circuit has treated its own summary affirmance of a dismissal based on Section 1915(g) grounds as a strike, *see, e.g.*, *Harris v. Hinds Cnty.*, 714 F. App'x 451, 452 (5th Cir. 2018) ("Our decision to affirm the district court's dismissal means that Harris has earned one strike under 28 U.S.C. § 1915(g)."). Similarly, the Tenth Circuit has treated its summary affirmances as strikes. *See, e.g.*, *Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013) ("Mr. Childs' third strike arises from our decision to affirm in this appeal today.").

The plain language of Section 1915(g) expressly provides that, to count as a strike, an appeal must be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court agrees with the reasoning of the District of Columbia, Eighth, and Ninth Circuits, which all concluded that the summary affirmance of a district court's decision,

8

based on a Section 1915(g) ground, by a court of appeals does not count as a strike. Thus, the Court does not treat the summary affirmance in *Wallace v. State of Louisiana*, 689 F. App'x 286, 287 (5th Cir. 2017) as a strike.

**B.     Relitigation of Fifth Circuit's Finding That Wallace is Barred Under Section 1915(g)**

The Court of Appeals instructed the Court to consider whether the doctrine of collateral estoppel barred this Court from relitigating the Fifth Circuit's finding that Wallace is barred under Section 1915(g), citing to *Purdy v. Zeldes*, 337 F.3d 253 (2d Cir. 2003) and *Shepherd v. Keyser*, No. 21-CV-2363 (LTS), 2021 WL 1842159 (S.D.N.Y. May 7, 2021). The Court finds that the doctrine does not apply to this case.

"The doctrine of collateral estoppel prevents a plaintiff from relitigating in a subsequent proceeding an issue or fact or law that was fully and fairly litigated in a prior proceeding." *Purdy*, 337 F.3d at 258 (citation omitted). The doctrine "applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (citation and internal quotation marks omitted).

In *Purdy*, the plaintiff, John Purdy, filed a malpractice lawsuit in the District of Vermont against his lawyer, Jacob Zeldes, who had represented him in a *habeas corpus* proceeding. In the *habeas* proceeding, Purdy asserted that Zeldes had provided ineffective assistance of counsel "because Zeldes failed to fully and adequately inform him about plea discussions with [the] prosecutor[.]" *Id.* at 256. The District of Vermont concluded that Zeldes did not provide ineffective assistance of counsel, and the Court of Appeals agreed, noting in its decision that it

9

"considered at length *Strickland*'s first prong – whether Zeldes's representation was deficient."[6] *Id.* Purdy then filed the malpractice suit against Zeldes, alleging that Zeldes "was negligent." *Id.* at 257. Specifically, in the malpractice suit, Purdy "alleged essentially the same deficiencies in defendant's representation of him in the criminal case." *Id.* The District of Vermont applied the doctrine of collateral estoppel, holding:

> [I]n the circumstance of his case, where both district court and the Second Circuit found that Purdy had failed to establish prejudice under *Strickland*, Purdy is now collaterally estopped from re-litigating the issues presented in his habeas petition in this action.

*Id.* at 257 (quoting *Purdy v. Zeldes*, 166 F. Supp.2d 935, 943 (D. Vt. 2001)). The Court of Appeals agreed. *Id.* at 259.

In *Shepherd v. Keyser*, a decision rendered by the undersigned, the collateral estoppel issue arose in the context of Section 1915(g). The Court applied the doctrine, which is also known as issue preclusion, and concluded that a previous finding that the plaintiff, Eon Shepherd, had accumulated three strikes could not be relitigated:

> Here, the elements of issue preclusion are satisfied. First, the issue raised in this action, whether Plaintiff is barred under § 1915(g), is identical to the issue raised in [Shepherd's four prior cases]. Second, the issue was actually litigated and decided in each of those four cases. Third, Plaintiff has had a full opportunity to litigate the issue. In [two of the prior cases], for example, Plaintiff filed responsive pleadings in which he did not contest that he had three strikes, but instead argued that he met § 1915(g)'s imminent danger exception.

*Shepherd*, 2021 WL 1842159, *3.

The Court finds that the doctrine of collateral estoppel does not apply in this case because the second and third elements of the doctrine are not satisfied. Wallace never litigated the finding

---

[6] In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court held that in order for a convicted defendant to establish that was deprived of the Sixth Amendment right to effective assistance of counsel at trial, the defendant would have to show: (1) deficient performance by trial counsel, and (2) prejudice.

that he accumulated three strikes and was barred under Section 1915(g) from proceeding IFP. Nor was he provided a full opportunity to litigate the issue. Rather, the Fifth Circuit determined *sua sponte* that Wallace had accumulated three strikes and that, under Section 1915(g), he was barred from proceeding IFP unless he met the imminent danger exception. The Fifth Circuit did not provide Wallace the opportunity to challenge this finding, as it was not required to do so under Section 1915(g).[7]

In a subsequent Eastern District of Louisiana decision, that court described the Fifth Circuit's finding as a "decree," agreeing that Wallace was barred from proceeding IFP. *See Wallace v. Louisiana*, No. 20-CV-2869, 2020 WL 6196027, *1 (E.D. La. Oct. 22, 2020). The Eastern District of Louisiana also did not provide Wallace the opportunity to challenge that finding. As a result, Wallace never litigated this issue. Thus, the doctrine of collateral estoppel does not apply here, and this Court is not bound by the Fifth Circuit's finding that Wallace is barred under Section 1915(g).

## C.     Wallace's Other Actions

The Court has considered Wallace's other actions filed in the district courts of Louisiana and has determined that he has not accumulated three strikes. Based on its own independent review, the Court finds that Wallace has accrued one other strike.

---

[7] Section 1915(g) does not require courts to provide a litigant the opportunity to challenge the application of the statute. In this Circuit, district courts nonetheless provide that opportunity. *See Snider v. Melendez*, 199 F.3d 108, 113 (2d Cir. 1999) ("[P]roviding the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of the order.").

1. *Wallace v. Louisiana State*, No. 15-CV-1881 (E.D. La. March 7, 2016)

The docket sheet reflects the district court's dismissal of this case "as frivolous and/or for failing to state a claim on which relief may be granted." *Id.* (Doc. No. 10). This dismissal appears to qualify as a strike.[8]

2. *Wallace v. Edwards*, No. 20-CV-1673 (W.D. La. Aug. 5, 2021)

According to the docket sheet in the action, the district court dismissed this case "as frivolous." *Wallace*, No. 20-CV-1673 (Doc. No. 12). Based on the Court of Appeals' instruction that district courts may rely on a court's docket, the dismissal of this action appears to be a strike. This Court, however, reviewed the order of dismissal, and learned that the district court dismissed the complaint "as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met." *Id.*

In this Circuit, it is an open question whether actions dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are strikes under Section 1915(g). The Third, Fifth, Tenth, and D.C. Circuits have held that a *Heck* dismissal is one for failure to state a claim and therefore a strike; the Seventh and Ninth Circuits have held that *Heck* constitutes an affirmative defense and therefore subject to a waiver, analogous to an exhaustion requirement. *See Garrett v. Murphy*, 17 F.4th 419, 427-29 (3d Cir. 2021) (surveying the split among circuits and holding that an action dismissed under *Heck v. Humphrey* is dismissed for failure to state a claim and counts as a strike). In *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020), the Supreme Court noted the circuit split on whether a dismissal on *Heck v. Humphrey* grounds is for failure to state a claim, but did

---

[8] In this Circuit, district courts may not label dismissals as strikes at the time they are entered. *Deleon v. Doe*, 361 F.3d 93 (2d Cir. 2004). Should any district judge within this Circuit later determine that Wallace was barred under Section 1915(g), he would be provided the opportunity to challenge the finding that this action is a strike.

not address the issue. 140 S. Ct. at 1724 n.2. Thus, because the Court of Appeals for the Second Circuit has not held that *Heck* dismissals qualify as strikes, this Court finds that the dismissal of this action should not be counted as a strike.

D.     **Order directing Prisoner Authorizations**

As Wallace has not accrued three strikes, the Court finds that he is not barred under Section 1915(g) from proceeding IFP. The Court, however, cannot grant his IFP application because his prisoner authorization does not allow the funds deducted from his prison account to be disbursed to this court. Within thirty days of the date of this order, Wallace must either pay the $402.00 in fees or complete and submit the attached prisoner authorization.[9] If Wallace submits the prisoner authorization, it should be labeled with docket number 22-CV-8022 (LTS).

If Hillis intends to pursue this action, he too must submit a prisoner authorization, labeled with the same docket number, as his prisoner authorization is similarly deficient.

## CONCLUSION

Having found that 28 U.S.C. § 1915(g) does not apply in this case, the Court directs Plaintiffs to submit the attached prisoner authorizations within 30 days of the date of this order. No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If both Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed without prejudice under 28 U.S.C. §§ 1914-1915.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

---

[9] Plaintiffs who are granted IFP status do not pay the $52 administrative fee permitted by 28 U.S.C. § 1914(b). *See* 28 U.S.C. § 1914, Dist. Ct. Miscellaneous Fee Schedule (eff. Dec. 1, 2020), No. 14.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 25, 2023
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____     _____
Date                                 Signature

_____     _____
Name (Last, First, MI)               Prison Identification #

_____     _____
Address            City              State        Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16