UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENNETH WALLACE, SR., *et al.*,

        Plaintiff,

-against-

ALL PERSONAL LIABILITY CARRIERS-
UNDERWRITERS OF LAND, *et al.*,

        Defendants.

22-CV-8022 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiffs Charles Kenneth Wallace, Sr. and Ronald Hillis, who currently are incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana, bring this action, *pro se*, against the Sackler family regarding the "opioid crisis." Plaintiffs invoke the Court's federal question jurisdiction as a basis for exercising jurisdiction of their claims. Plaintiffs seek to proceed with this action as a class action lawsuit.

    By order dated February 7, 2024, the Court granted Plaintiffs' requests to proceed *in forma pauperis*, that is, without prepayment of fees.[1] As set forth in this order, the Court dismisses the complaint for lack of subject matter jurisdiction.

---

[1] Plaintiffs are not exempt from paying the full filing fee even though they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). This Court initially determined that Wallace was barred from proceeding IFP under 28 U.S.C. § 1915(g), and dismissed the action without prejudice. (ECF 6.) Following a mandate from the United States Court of Appeals for the Second Circuit, directing the Court to review the order finding Wallace barred (ECF 12), the Court determined that Wallace is not barred under Section 1915(g) (ECF 13). The Court directed Wallace and Hillis to submit prisoner authorizations, which they had not included with their complaint. They both submitted the authorizations on October 17, 2023.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following statements are drawn from the complaint:[2]

> It exists, a conclusive presumption in federal records, this complaint occurred against the backdrop in the genocide of a universal opioid crisis, resulting in over half a million deaths. Thousands of children – perhaps millions suffering fetal opioid exposure addictions. The horrors of the Nazi Holocaust may perhaps pale in comparison with [] "The Sackler Familia" ONGOING – END GAME; millions institutionalized, hospitalized and imprisoned, by effects of 'The Sackler Familia' caused by their breach of allegiance fiduciary-subrogate duties.

(ECF 3, at 2.) Plaintiffs "claim[] the property of Defendants which is the subject of this suit under the Doctrine of Laches in contra non valentem agree nulla proescriptio, December 14th 2021 by media process." (*Id.* at 3.) Plaintiffs contend that "The Sackler Familia . . . have consistently stealthily hidden away real and liquid assets since the relator Plaintiffs filings therein [United States Bankruptcy Court-Southern District of New York]." (*Id.*) Plaintiffs seek "a temporary injunction . . . restraining devolution, use or enjoyment of the properties claimed by Plaintiffs." (*Id.* at 7.)

## DISCUSSION

**A.      Plaintiffs Cannot Seek Class Certification**

Plaintiffs cannot proceed *pro se* and seek class certification. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows for two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Because a nonlawyer

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

cannot bring suit on behalf of others, a plaintiff proceeding *pro se* cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). Accordingly, Plaintiffs cannot proceed as class representatives because they cannot represent the interests of any other individual; they may only represent their own interests.

**B.     Plaintiffs do not Have Standing to Bring This Action**

Plaintiffs cannot proceed with their claims against the Sackler family because they do not have standing to assert such claims. The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To have standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)). At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Id.*

Plaintiffs do not have standing to bring this action against Defendants because Plaintiffs do not allege that they suffered an injury, caused by Defendants, and which may be redressable by this Court. Accordingly, as the Plaintiffs lack standing to sue the Sackler family, the Court dismisses this action for lack of subject matter jurisdiction. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)); *see also Ins.*

4

*Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement[.]").

## LEAVE TO AMEND DENIED AS FUTILE

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   March 18, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge